UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| AVKO Educational Research Foundation, Inc., and Donald J McCabe, author,<br><br>    Plaintiffs and Counter-Defendants ,<br><br>V<br><br>Thomas A. Morrow; Wave 3 Learning, Inc; Home School Holdings, Inc; Home School, Inc;<br><br>    Defendants and Counter-Plaintiffs. | Case no: 1:11-CV-13381-TLL-CEB<br><br>Hon. Thomas L. Ludington<br><br>Mag. Charles E. Binder |

Susan Payne Woodrow P29844
Susan Payne Woodrow JD, PC
*Attorney for Plaintiffs*
PO Box 300833
Drayton Plains, MI 48330
PH: (248) 623-1818
FX: (248) 623-1811
suzywoodrow@hotmail.com

Mark G. Clark (P41652)
John Di Giacomo (P73056)
*Attorneys for Defendants Thomas A Morrow and Wave 3 Learning*
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
PH: (231) 932-0411
mark@traverselegal.com
john@traverselegal.com

**MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER PENDING HEARING ON PRELIMINARY INJUNCTION AND OTHER RELIEF**

**NOW COME Plaintiffs** and request the Court to grant a Show Cause Hearing for a Preliminary Injunction to enjoin Defendants and its officers, employees, agencies, and those in privity with them, from publishing, advertising, distributing, or selling any literary works from "The Works" created by or owned by AVKO or copyrighted by AVKO or improperly copyrighted by W3L during the pendency of this litigation and request a Temporary Restraining Order pending the Show Cause hearing on the merits, and in support say:

1. Under Local Rule 7.1, Plaintiffs' attorney contacted Defendants' attorney by e-mail requesting the relief herein but received no response. See e-mail attached.

2. Plaintiff are the holders of copyrights to a collective of literary works called "The Works" that teach individuals with difficulties, how to read, write and spell. "The Works" were originally authored by Donald J. McCabe and the initial works were copyrighted in the late 1970's. Mr. McCabe formed a non-profit corporation, AVKO Educational Research Foundation, Inc. (AVKO) to provide free tutoring and free teaching of tutoring pursuant to "The Works". As "The Works" were refined and developed, each volume carried the © of AVKO. See, Master Exhibits C-002 a to C-002 v. See, Declaration of Donald J. McCabe.

3. As his health declined and he got older, it was more difficult for Mr. McCabe to publish, advertise, distribute and sell these literary works. He met and negotiated a contract with Thomas Morrow, President and CEO of Home School Holdings, Inc (HSH) to engage in the publishing, advertising, distributing and selling of "The Works" to needy students consistent with the mission of AVKO. See, Master

Exhibit F.  HSH paid only the initial $50,000 out of the $550,000 negotiated price.  "The Works" value was estimated to be $992,500 on November 9, 1975.  See, Master Exhibit C-001.  (AVKO was willing to sell *only* the publishing, advertising, distributing and sales right for far less than their value because of Mr. Morrow's promise to follow the non-profit charitable mission of AVKO.)  The additional $500,000 was to be paid in HSH stocks which could be traded on the stock exchange.

4. HSH never had stocks on the stock exchange.  At all times, Mr. Morrow knew but failed to disclose that HSH had no case or stocks with which to pay.  See, Master Exhibits A, B, C, D, E.  See, also, Declaration of Sigurd Hepler, associate attorney.

5. Mr. Morrow's authority was revoked by HSH, but he negotiated and signed a contract as President and CEO of HSH anyway.  Once Mr. Morrow had a full hard and electronic copy of all literary volumes in "The Works", he resigned from HSH within 2 weeks and formed Wave 3 Learning, Inc. (W3L) days later.  See, Declaration of David Nicholson, Interim Board Director of HSH.

6. W3L is Mr. Morrow's alter ego, likely formed as a shield for the specific purpose of illegally infringing on Plaintiffs' copyrights and to be remote from any claim of HSH.

7. Mr. Morrow attempted to get Mr. McCabe/AVKO to assign the copyrights to W3L, despite the failure to fulfill payment.  When Mr. McCabe declined, Mr. Morrow intentionally, boldly and blatantly began to print "The Works" with a W3L copyright designation. See, Master Exhibits 1-a through 7-b for some examples.  In addition, he

falsely states on a website, sequentialspelling.com, that W3L has exclusive worldwide copyrights to "The Works". See, Declaration of Gloria Goldsmith.

8. AVKO gave Defendants access the significant markets they had developed over their 35 years of hard work. See, Declaration of Gloria Goldsmith, Exhibit A, list of vendors.

9. Mr. Morrow through his alter ego, W3L, has violated the Plaintiffs copyrights in print and online. See, Declaration of Gloria Goldsmith, Exhibit B.

10. Mr. Morrow through his alter ego, W3L, has failed to serve the customers in the markets developed by AVKO over 35 years causing irreparable harm to AVKO for which no monetary damages can compensate. As a result, AVKO has received multiple complaints regarding alterations to the volumes and failure to provide service, all of which they have had to handle. Also, Defendants have altered some of the literary volumes such that they are not as effective and pervert the learning process. See, Declaration of Robert J. McCabe.

11. Based upon the facts stated above, the Memorandum of Fact and Law, the Declaration of Donald J. McCabe, Declaration of Robert J. McCabe, Declaration of Gloria Goldsmith, Declaration of David Nicholson, Declaration of Sigurd Hepler, and the Master Exhibits, demonstrate that the Plaintiffs have great likelihood that they will prevail on the merits.

12. The public is being injured by allowing modified works to be printed and electronically advertised by Defendants, which is greater than there being "no harm" to the public interest.

13. Since a TRO and injunctive relief is equitable in nature, the unclean hands of Defendant must be considered.

14. Plaintiffs have and will continue to suffer irreparable harm for which money damages are inadequate absent the relief of a TRO and preliminary injunction.

15. The balance of hardships favors the Plaintiffs and there are fair grounds for litigation.

16. The destruction of the reputation of AVKO, the bold copyright infringement of Defendants, the unauthorized alterations of some volumes all are irreparable harm to Plaintiffs requiring granting a TRO pending a full hearing on a show cause why a preliminary injunction should not issue for the duration of the litigation.

17. AVKO is a non-profit entity created by Mr. McCabe to help individuals learn to read for free or near cost. Defendants have and are pillaging "The Works" for their own pecuniary interests.

**Wherefore,** for the foregoing reasons, plaintiffs are entitled to an order granting a Temporary Restraining Order pursuant to Fed. R. Civ. Proc., Rule 65 restraining defendants and its officers, employees, agencies, and those in privity with them, from publishing, advertising, distributing, or selling online or otherwise any literary works from "The Works" created by or owned by AVKO or copyrighted by AVKO or improperly copyrighted by W3L until a Show Cause hearing on the merits can be held.

**As further relief**, Plaintiffs request a preliminary injunction be granted enjoining defendants and its officers, employees, agencies, and those in privity with them, from publishing, advertising, distributing, or selling online or otherwise any literary works from "The Works" created by or owned by AVKO or copyrighted by AVKO or improperly copyrighted by W3L to endure for the duration of the litigation.

Respectfully submitted,

/s/ *Susan Payne Woodrow*
Susan Payne Woodrow
P29844
Susan Payne Woodrow JD, PC
*Attorney for Plaintiffs*
PO Box 300833
Drayton Plains, MI 48330
PH: (248) 623-1818
suzywoodrow@hotmail.com
P29844