June 13, 2011

Dear Ms. Payne:

Let me begin with an important disclosure.

*__I am not an employee, board member, advisor or stockholder of Home School Holdings, Inc. Therefore, any comments, representations, statements or disclosures made by me do not represent the position of Home School Holdings, Inc and are in no way the responsibility of that organization.__*

Should you wish to contact Home School Holdings, Inc. directly, I invite you to do so. I do not have contact information for them.

To begin, Ms. Payne. There is a contract and you, your client and I all know it. Please don't insult my intelligence. If there were no contract, you would not be requesting payment as you would have no contract on which to base that demand. If there were no contract, you would not be demanding sample copies as there would be no contract on which to base that demand. Your client is bound by the contract sealed in my payment and his delivery of inventory and digital media and he will adhere to it or consequences appropriate to that failure will result.

Per the enclosed copy of the cashier's check in the amount of $50,000 provided to and received by Mr. Donald McCabe in his role and President of the AVKO Foundation, AVKO has been paid cash in full, per ¶3. The only other payment due was to be shares in Home School Holdings, Inc. __Mr. McCabe renounced this payment in writing__. If he would like to withdraw his renunciation, I would be pleased to provide him the 1,250,000 shares of Home School Holdings, Inc. to which he would have been entitled, subject to their availability for purchase.

Revenue for the first full year of operations, June 3, 2010 to June 2, 2011, utilizing cash accounting and thus INCLUDING the closing order placed by Inquisicorp, Inc. in December of 2010 has been $134,597.39. Excluding this one-time event, sales were $117,667.39. Sonlight has ceased placing orders.

Two copies have already been provided, the most recent being sent just last week per AVKO's request was the new versions of SS-1, SS-2, and SS-3, both teacher and student. I do not understand this allegation at all.

As I understand your last request is the real substance of this complaint, given that none of the rest of it has any substance whatsoever, compliance with this request is literally impossible. First, let me repeat, __I have no means to affect any action by Home School Holdings, Inc with regard to its website or any other facet of its business.__ Second, the works prominently display the AVKO copyright unless they have been updated by us. In those cases, it shows both copyrights as is appropriate since we own the copyright to the updates without question. Further, since the agreement specifically entitles and enjoins us to make these updates, I don't see how it could be any different.

AVKO Exhibit k

Now, let us continue on to information you may find useful.

Mr. McCabe has perpetrated a fraud by the following counts:

1. In order to induce me to pay him $50,000 in cash and offer stock (which he has since renounced), he represented and repeated that AVKO generated $300,000 in revenue annually from sale of the Works. This is a material falsehood as proven above with the first year's sales accounting. If we are given access to documents which he has concealed to date, I am quite confident we can prove this beyond a shadow of a doubt.
2. Mr. McCabe further failed to disclose the material fact that Inquisicorp, Inc., publisher of the Sonlight curriculum series, had already determined to terminate Sequential Spelling as its recommended offering in favor of *All About Spelling* due to Mr. McCabe's failure to maintain and update the curriculum appropriately. Inquisicorp had historically provided almost 20% of the product lines sales. In discovery, correspondence supporting this assertion will come to light, supporting what we have been told by our former customer.
3. In order to induce me to pay him $50,000, he promised that I would have exclusive title to the Works with complete freedom to update them and transform them technologically with the exception of DVD presentation, with all of the privileges of a copyright. I interpret your letter as an effort to renege upon this promise and that too is a fraud.

In conclusion, Ms. Payne, if your client proceeds with litigation, we will countersue for fraud. We will seek compensatory and punitive damages and as you can see our case can be proven with documents, your client's cannot. Further, since your client is not due any royalty payments and may not contractually resell any of the rights, he will likely not even be able to establish standing to sue as he has suffered neither loss nor diminution of value. I really question why we are all investing our precious time in this nonsense.

My suggestion is that we all go our separate ways. I would think Mr. McCabe would not want to spend his twilight years defending himself against multiple civil fraud allegations and risk the possibility that judgment and litigation costs destroy the AVKO Foundation's asset base and his personal estate.

Sincerely,

Thomas Morrow
President
Wave 3 Learning, inc.

# CHASE

Keep this receipt as a record of your purchase.

**FOR YOUR PROTECTION SAVE THIS COPY**
**CASHIER'S CHECK**

Customer Copy
9025507699

06/03/2010

$ *********50,000.00 ***

Remitter  THOMAS MORROW

Pay To The Order Of   AUKO FOUNDATION

Illinois

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION. PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

TERMS



Susan Payne Woodrow, Esq.
3631 Dorothy Ln.
Waterford, MI 48329

W3L, Inc.
126 E. Wing St. Ste 240
A.H., IL 60004

7011 0470 0003 4678 9805

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

U.S. POSTAGE PAID
ARLINGTON HEIGH. IL
60005
JUN 13, 11
$5.59