

TRAVERSE CITY
LOS ANGELES
AUSTIN
WASHINGTON DC

January 6, 2012

<u>Via ECF System</u>
Court Clerk
10th Judicial Circuit Court
Saginaw County Governmental Center
111 South Michigan Avenue, Room 101
Saginaw, MI  48602

CC:

Susan Payne Woodrow
Drayton Plains, MI 48300
Phone: (248) 623.1818
Fax: (248) 623.1811

      Re:    AVKO Educational Research Foundation v. Thomas Morrow, Wave 3 Learning, Inc., and Home School Holdings
             Civil Case No.  1:11-cv-13381-TTL-CEB

Honorable Judge Ludington:

      On September 21, 2011, Defendants requested that this honorable Court enter a default against Plaintiffs for their failure to timely respond to Defendants' Counterclaims. This Court denied that request on September 27, 2011, and Defendants filed a Motion for Reconsideration on September 27, 2011. Consistent with a quid pro quo agreement reached between counsel at the Joint Status Conference, which was held on October 18, 2011, Defendants voluntarily withdrew their Motion for Reconsideration on October 27, 2011 and filed a First Amended Answer and First Amended Counterclaim on October 26, 2011, which added an additional claim and affirmative defenses. Plaintiffs' Answer to Defendants' First Amended Counterclaim was due on November 16, 2011.

      Plaintiffs failed to file their Answer to Defendants First Amended Counterclaim until December 2, 2011, which was thirty-seven days after Plaintiffs were served. Plaintiffs did not request a stipulation to extend the time to answer and, as such, Defendants filed a Motion for Default on Plaintiffs' second failure to timely respond on December 5, 2011. This Court issued a Notice of Hearing on Defendant's Motion for Default on December 9, 2011, which set a hearing date of January 23, 2011. Plaintiffs also filed a Rebuttal to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction and Other Relief on December 3,

January 6, 2012
Page 2 of 2

2011. This Honorable Court issued an order striking Plaintiff's Rebuttal on December 6, 2011 pursuant to E.D. Mich. Local Rule 7.1(d)(3)(B) because Plaintiff's Rebuttal exceeded five pages and pursuant to E.D. Mich. Local Rule 7.1(e)(2)(C), which states that a reply to a non-dispositive motion must be filed within seven days.

On January 5, 2012, Plaintiff filed a Response to Defendant's Motion for Reconsideration of Denial of Clerk's Entry of Default and a memorandum in support titled "Memorandum of Law in Support of Plaintiffs' Response to Defendants' 3rd Motion for Entry of Default." This Response and Memorandum is in response to a motion that is no longer at issue and was withdrawn on October 27, 2011. Further, E.D. Mich. Local Rule 7.1(h)(2) states that no response to a motion for reconsideration is allowed "unless the court orders otherwise."

Presuming that Plaintiffs accidentally filed this Response and Memorandum[1] and it should be understood or characterized as a Response to Defendants' Motion for Default, Plaintiffs' Response to Defendants' Motion for Default should have been filed within fourteen days pursuant to E.D. Mich. Local Rule 7.1(e)(2)(B) because a motion for default is not a dispositive motion listed in E.D. Mich. Local Rule 7.1(e)(1)(A). Thus, Plaintiffs' Response was due on December 19, 2011 and, accordingly, Defendants request that the Court strike this Response and Memorandum for Plaintiffs' failure to timely respond.

Plaintiffs also filed a Rebuttal to Defendants' Response to Plaintiffs' Motion for Preliminary Injunction on January 5, 2012. This Rebuttal, which can only be understood as a reply brief under the Local Rules, was filed in reply to Defendants' Response, which, as stated above, was filed on November 9, 2011. This is Plaintiffs' second Rebuttal; the first Rebuttal was stricken pursuant to this Court's December 6, 2011 Order, as stated above. Ignoring that this Rebuttal is fifty days late, Plaintiffs' Rebuttal is also nine pages in violation of E.D. Mich. Local Rule 7.1(d)(3)(B). In light of this, Defendants respectfully request that the Court strike Plaintiffs' Rebuttal to Defendants Response to Plaintiffs' Motion for Preliminary Injunction and Other Relief.

Sincerely,

John Di Giacomo
Traverse Legal, PLC

---

[1] It appears that Plaintiffs' Memorandum forwards arguments in response to Defendants' Motion for Default, not in response to Defendants' Motion for Reconsideration.