# Susan Payne Woodrow, JD, PC

Licensed in:
Tennessee
Michigan
Florida

3631 Dorothy Lane, Waterford, Michigan, 48329
e-mail: suzywoodrow@hotmail.com
PH: (248) 623 1818
FX: (248) 623 1811

08 January 2012

<u>VIA ECF System with cc:</u>
Court Clerk
United States District Court
Eastern District for Michigan
1000 Washington Ave
Bay City, MI 48708

Dear Judge Ludington and Magistrate Binder:

    RE:   AVKO v Morrow, Case No 11-13381

I am in receipt of a copy of a letter sent to me through the same delivery systems that I am using to respond.

Although Fed. R. Civ. Proc. 11(c)(2) requires that the movant's motion "Must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service..." counsel for Morrow and W3L has essentially presented the motion to the Court by submitting their letter, contrary to the intent of the rule. The Defendants' "sanction" letter follows closely after Plaintiffs' sent a proposed Offer of Judgment was sent counsel under Fed. R. Civ. Proc. 68.

The thrust of counsel's complaints are about timeliness of certain responses and the length of one that was shortened and resubmitted, contrary to EDMI local rules. The reply pleading that replaced the one stricken due to length has 9 pages constituting a caption page, table of contents, Brief, signature page and certificate of service page. Reviewing the pleading, it is 5.5 pages of brief, not 4.5. It may be deemed withdrawn. I apologize.

Fed. R. Civ. Proc. Rule 11 looks to whether or not an attorney or party presents unreasonable or false information to the court without making a reasonable inquiry into the facts after being put on notice of inaccuracies. *Business Guides, Inc. v Chromatic Communications Enterprises, Inc.*, 892 F2d 802 (CA9 1989). In neither their letter not the proposed motion does counsel point to factual errors nor frivolous pleadings. A quote from *Zaldiver, et. al., v City of Los Angeles, et.al.*, 780 F.2d 823 (CA9 1986) is on point- "In the present case, no serious claim is made that the complaint is not supported by a foundation of facts." Nor have they pleaded "bad Faith" or "improper purpose". (Except that Plaintiffs did mention Defendants improper purpose for some of Defendants' filings.) Responding to a pleading, even late, is not for an improper purpose nor is it harassment. The primary purpose of the rule is deterrence of frivolous litigation i.e.: factually frivolous (not well grounded in fact), legally frivolous (not warranted by existing law), and paper interposed for an improper purpose. Further, there must be demonstrable harm. The only harm to Defendants is that their positions are now opposed.

I returned to practice on 1 April 2011 after 26 years as an Administrative Law Judge. I had not engaged in significant trial practice in circuit court and never file an original federal claim prior to joining the State, and have not yet. This claim began in circuit court where the rules for responding are, apparently, far different – no later than 3-7 days prior to the hearing. This, coupled with the difficult of suddenly having to be completely electronic and file via ECF, has imposed significant difficulties from a mechanical perspective, not considering that I am still taking medication for the continuing complications from the September hospitalization.

Regarding the other complaints, the request of Defendants is unclear. A response (Doc 42) was filed to Defendants' current Motion for Default (Doc 37). The Defendants' two (2) prior Requests to Enter Default (Doc 9,10, and notice11) were withdrawn (Doc 26) after Plaintiffs' response (Doc 20).

There are no additional delays cause nor has counsel violated any court order, only resubmitted a shortened document that was stricken. Counsel for Defendant has not pointed to any order of the Court that was violated. Defendant relies on *Mikkilineni v Penn Nat. Mut. Ins. Co*, 271 F. Supp 2d 151 (D.D.C. 2003) for the proposition that a Plaintiff who disregards an order of the court must be deterred. In the initial case, *Mikkilineni v Penn Nat. Mut. Ins. Co*, 271 F. Supp 2d 142 (D.D.C. 2003), Mikkilineni is a pro se Plaintiff who had filed seven actions in the Federal court and many more in Pennsylvania and Texas to relitigate claims that had already been lost several times in each of the jurisdictions. The Court granted an injunction to prohibit further filings in 271 F Supp 2d 142, yet he filed again resulting in sanctions 271 F Supp 2d 151. Here, this is the first claim filed by Plaintiffs. Not applicable law.

The need for the preliminary injunction was to afford my clients the opportunity to begin to plan to remarket their materials for the next school year. The delays have inured to the prejudice of both Plaintiffs and Defendants. Therefore, Plaintiffs feel that rescheduling the preliminary injunction hearing as a jury trial date would be in the best interests of all parties – and the children who benefit from "The Works".

Plaintiffs are prepared to proceed to trial on January 23, 2012. The deposition of Mr. Morrow is scheduled for January 17, 2012 and we will make Mr. McCabe available Monday, Thursday, or Friday of that week should Defendants wish his deposition.

Sincerely,

Susan Payne Woodrow

CC: John DiGiacomo
Traverse Legal
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
BY: ECF, Fax (231.932.0411), and e-M: john@traverselegal.com