UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

    Plaintiffs,

        v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.;
HOME SCHOOL HOLDINGS, INC.,
and HOME SCHOOL, INC;

    Defendants.

Case No.: 1:11-cv-13381-TLL-CEB
Honorable Thomas L. Ludington
Magistrate Charles E. Binder

_____

SUSAN PAYNE WOODROW (P29844)
SUSAN PAYNE WOODROW JD, PC
*Attorney for Plaintiffs*
PO Box 300833
Drayton Plains, MI  48300
 (248) 760-1818
suzywoodrow@hotmail.com

MARK G. CLARK (P41652)
JOHN DI GIACOMO (P73056)
TRAVERSE LEGAL, PLC
*Attorneys for Defendant*
*Thomas A. Morrow and*
*Wave 3 Learning, Inc.*
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
mark@traverselegal.com
john@traverselegal.com

_____

### DEFENDANTS' MOTION TO QUASH SUBPOENA/DEPOSITION OF THOMAS MORROW

    NOW COMES Defendants Wave 3 Learning, Inc. and Thomas Morrow, by and through their attorneys Traverse Legal, PLC, and for their Motion to Quash Subpoena/Deposition state as follows:

1. On January 10, 2012, Plaintiffs served Defendants with a Notice of Deposition purporting to compel Defendant Thomas Morrow to appear at a deposition in Birch Run, MI a mere seven (7) days later and to produce numerous documents, including the personal bank records of his wife, his college and university transcripts, his military history, his resume, and W-2 forms for each of his past employers.

2. Plaintiffs' Notice of Deposition was issued without contacting the Defendants' counsel, without stipulation between the parties, and without leave of the Court in violation of Rule 30.

3. In the absence of the stipulation of the parties or leave of the Court, Plaintiffs' Notice of Deposition can only be understood as a subpoena under Rule 45.

4. Since Plaintiffs' Notice of Deposition/Subpoena has failed to comply with either Rule 30 or Rule 45, Plaintiffs request that the Court quash Defendants' Notice of Deposition/Subpoena pursuant to Fed. R. 45(c)(3) because it fails to allow a reasonable time to comply and subjects Defendant Thomas Morrow to undue burden.

5. Defendants request that the Court award Defendants their costs and attorneys' fees in responding to Plaintiffs' Notice of Deposition/Subpoena, as Plaintiffs have once again failed to comply with the Federal Rules of Civil Procedure to Defendants' detriment.

6. Defendants rely on the attached Brief in support of their Motion.

Respectfully submitted this 10th day of January, 2012.

                                                                 TRAVERSE LEGAL, PLC

/s/John Di Giacomo
By: John Di Giacomo (P73056)
*Attorneys for Defendants Thomas Morrow and Wave 3 Learning, Inc.*
810 Cottageview Drive, Unit G-20
Traverse City, MI  49684

## CERTIFICATE OF SERVICE

Documents:

- *Defendants' Motion Quash Notice of Deposition/Subpoena*

I hereby certify that on January 10, 2012 the referenced documents were electronically filed with the court and served via the courts' ECF system upon:

SUSAN PAYNE WOODROW
*Attorney for Plaintiff*
suzywoodrow@hotmail.com

and served via U.S mail upon:

Home School Holdings, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Home School, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Dated:  January 10, 2012                */s/ John Di Giacomo*_____
                                        TRAVERSE LEGAL, PLC
                                        John Di Giacomo (P73056)
                                        810 Cottageview Drive, Unit G-20
                                        Traverse City, MI  49684

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

    Plaintiffs,

    v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.;
HOME SCHOOL HOLDINGS, INC.,
and HOME SCHOOL, INC;

    Defendants.

Case No.: 1:11-cv-13381-TLL-CEB
Honorable Thomas L. Ludington
Magistrate Charles E. Binder

_____

SUSAN PAYNE WOODROW (P29844)
SUSAN PAYNE WOODROW JD, PC
*Attorney for Plaintiffs*
PO Box 300833
Drayton Plains, MI  48300
 (248) 760-1818
suzywoodrow@hotmail.com

MARK G. CLARK (P41652)
JOHN DI GIACOMO (P73056)
TRAVERSE LEGAL, PLC
*Attorneys for Defendant*
*Thomas A. Morrow and*
*Wave 3 Learning, Inc.*
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
mark@traverselegal.com
john@traverselegal.com

_____

**<u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO QUASH
SUBPOENA/DEPOSITION OF THOMAS MORROW</u>**

    NOW COMES Defendants Wave 3 Learning, Inc. and Thomas Morrow, by

and through their attorneys Traverse Legal, PLC, and for their Motion to Quash

Subpoena/Deposition state as follows:

On January 10, 2012, Plaintiffs served Defendants with a Notice of Deposition purporting to compel Defendant Thomas Morrow to appear at a deposition in Birch Run, MI a mere seven (7) days later and to produce numerous documents, including the personal bank records of his wife, his college and university transcripts, his military history, his resume, and W-2 forms for each of his past employers. This Notice of Deposition was issued without contacting Defendants' counsel, without stipulation between the parties, and without leave of the Court in violation of Rule 30. In the absence of the stipulation of the parties or leave of the Court, Plaintiffs' Notice of Deposition can only be understood as a subpoena under Rule 45.

Since Plaintiffs' Notice of Deposition did not comply with either Rule 30 or Rule 45, Plaintiffs request that the Court quash Defendants' Notice of Deposition/Subpoena pursuant to Fed. R. Civ. P. 45(c)(3) because it fails to allow a reasonable time to comply and subjects Defendant Thomas Morrow to undue burden. This Notice of Deposition/Subpoena requests that Defendant, with seven days notice, attend a deposition that will be held over three hundred miles from his home. Further, it requests that Defendant bring records of his wife's (currently a non-party) personal and business bank account records, Defendant's college and university transcripts, Defendant's military records, Defendant's resume, and Defendant's W-2 forms from all past employers to this deposition. See **Exhibit A**, Notice of Deposition. Not only does Plaintiffs' Notice of Deposition violate several Federal Rules of Civil Procedure, but Plaintiffs' requests are also in violation of Federal Rule of Evidence 401 because they request that Defendant bring non-

2

relevant evidence to a deposition that is supposed to occur in seven days. For the foregoing reasons, Defendants request that Plaintiffs' Notice of Deposition be quashed.

Further, Defendants request that this Court sanction Plaintiffs and award Defendants their costs and attorneys fees in responding to this frivolous Notice of Deposition. Plaintiffs have consistently failed to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence to the continuous monetary detriment of Defendants. The Federal Rules are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding," and Plaintiffs repeated failure to simply read these rules before filing documents with this Court has cost Defendants substantial sums in unnecessary attorneys' fees. Fed. R. Civ. P. 1.

Respectfully submitted this 10th day of January, 2012.

/s/John Di Giacomo
By: John Di Giacomo (P73056)
TRAVERSE LEGAL, PLC
*Attorneys for Defendants Thomas Morrow and Wave 3 Learning, Inc.*
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684

## CERTIFICATE OF SERVICE

Documents:

- *Defendants' Motion Quash Notice of Deposition/Subpoena*

I hereby certify that on January 10, 2012 the referenced documents were electronically filed with the court and served via the courts' ECF system upon:

SUSAN PAYNE WOODROW
*Attorney for Plaintiff*
suzywoodrow@hotmail.com

and served via U.S mail upon;

Home School Holdings, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Home School, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Dated:  January 10, 2012

*/s/ John Di Giacomo*
TRAVERSE LEGAL, PLC
John Di Giacomo (P73056)
810 Cottageview Drive
Unit G-20
Traverse City, MI  49684