# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

    Plaintiffs,

v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.; HOME
SCHOOL HOLDINGS, INC., and HOME
SCHOOL, INC;

    Defendants.

Case No.: 1:11-cv-13381-TLL-CEB

Hon: Thomas L. Ludington

| | |
|---|---|
| SUSAN PAYNE WOODROW (P29844)<br>*Attorney for Plaintiffs,*<br>AVKO EDUCATIONAL RESEARCH<br>FOUNDATION, a Michigan Corporation,<br>and DONALD J. MCCABE, author<br>3631 Dorothy Lane<br>Waterford, MI, 48329<br>(248) 760-1818<br>suzywoodrow@hotmail.com | MARK G. CLARK (P41652)<br>JOHN DI GIACOMO (P73056)<br>*Attorneys for Defendant Thomas A.*<br>*Morrow and Wave 3 Learning, Inc.*<br>810 Cottageview Drive, Unit G-20<br>Traverse City, MI 49684<br>(231) 932-0411<br>mark@traverselegal.com<br>john@traverselegal.com |

## NOTICE OF DEPOSITION

TO: DEFENDANTS COUNSEL:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. Proc. Rule 30, Plaintiffs will take the deposition upon oral examination of Thomas Morrow, commencing at 9:30 a.m. on January 17, 2012 at 3084 Willard Road, Birch Run, MI 48415-9404, and continuing from day to day until completed, to be recorded by video, audio or stenographic means. Further request is made under Fed. R. Civ. Proc. Rule 34 for deponent, Thomas Morrow, to produce at the deposition for examination during the

15. Original and copy of the contract signed by the parties which provided the basis for Mr. Morrow's right to publish "The Works".

16. List each lawsuits in which Mr. Morrow has been a plaintiff or a defendant and the follow as to each suit, cite complete caption including Court and location, case number, date of service, date of resolution, and copy of any judgments)

17. Copies of all Securities and Exchange Commission filings related to Home School Holdings, Inc. and Home School, Inc.

Respectfully requested,

Dated: 8 January 2012

Susan Payne Woodrow P29841
*Attorneys for Plaintiffs*
Susan Payne Woodrow JD, PC
3631 Dorothy Lane
Waterford, MI 48329
PH: (248) 623-1818
FX: (248) 623-1811
suzywoodrow@hotmail.com

deposition *unredacted copies*, for *the period from June 1, 2010 to December 31, 2011*, as follows:

1. The general ledger of Wave 3 Learning, Inc. (W3L)

2. The account ledgers for each account payable for any and all printers, manufacturers, producers of materials, and each account receivable for any and all customers, vendors, sales representatives, marketing entities.

3. All checks and payments to any and all entities, whatsoever, that provided materials or services of any kind to W3L. If not paid with a check, documentary evidence of payment actually made.

4. All checks and payments to any and all entities, whatsoever, that provided materials or services of any kind to Thomas Morrow relevant to publishing "The Works". If not paid with a check, documentary evidence of payment actually made.

5. All checks and payments from any and all entities, whatsoever, that provided revenue to W3L for any reason whatsoever. If not paid with a check, documentary evidence of payment actually made.

6. All checks and payments to any and all entities, whatsoever, that provided revenue of any kind to Thomas Morrow.

7. The original and copies of any notes or other instruments evidencing debt owed by W3L to investors or otherwise.

8. All monthly statements for the following accounts:
    a. All Lisa Morrow's personal and business accounts (checking, brokerage, savings, annuities and the like without limitation)

    b. All Thomas Morrow's personal and business accounts (checking, brokerage, savings, annuities and the like without limitation)

    c. All investor's accounts (checking, brokerage, savings, annuities and the like without limitation)

9. Thomas Morrow's certified (if possible) college and university transcript(s).

10. Thomas Morrows certified (if possible) discharge or separation papers from the armed services of the United States.

11. Thomas Morrow's resume/curriculum vitae.

12. Copies of the W-2's for each year for company listed as an employer in Thomas Morrow's resume.

13. For each company or other entity in which Mr. Morrow claims entrepreneurial activity, bring copies of the balance sheet when Mr. Morrow first became involved, balance sheet for best year during Mr. Morrow's involvement, and balance sheet during the last year of Mr. Morrows' his involvement.

14. Copies of all the documents regarding the sequentialspelling.com cybersquatter event, showing, at a minimum:

    a. The identity and address of the squatter

    b. When the squatter obtained the site

    c. What domain provided the basis for the site or. similar information

    d. Settlement documents that resolved and transferred ownership of the site.

    e. Proof of payment to squatter and proof of attorney's fees paid, if any

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

AVKO Educational Research Foundation, Inc. et al )
*Plaintiff* )
v. ) Civil Action No. 1:11-cv-13381-TLL-CEB
Thomas Morrow et al )
) (If the action is pending in another district, state where:
*Defendant* ) )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Thomas Morrow (Duces tecum)

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Deposition Notice attached

| Place: 3084 Willard Road<br>Birch Run, MI 48415 | Date and Time:<br>01/17/2012 9:30 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See list in deposition notice requested under FRCP Rule 34. DOcuments may be suppied electronically in advance 48 hours and organized by category and numbered pursuant to the Deposition Notice. See, Rule(d) attached.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/09/2012

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                        Susan Payne Woodrow (P29844)
                                                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Donald McCabe and AVKO Educational Research Foundation, Inc _____, who issues or requests this subpoena, are:
Susan Payne Woodrow (P29844), 3631 Dorothy Lane, Waterford, MI 48329, 248 623 1818, suzywoodrow@hotmail.com

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:11-cv-13381-TLL-CEB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Thomas Morrow and Wave 3 Learning, Inc
was received by me on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named individual as follows: Express Mail to
612 North Chestnut Avenue, Arlington Heights, IL 60004
EO 906 231 801 US 01509100 0336 000 on *(date)* 01/09/2012 ; or
FAX TO TRAVERSELEGAL 231.932.4011; ECF; & e-mail: john@traverselegal.com

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 01/09/2012

*Server's signature*

Susan Payne Woodrow
*Printed name and title*

3631 Dorothy Lane
Waterford, MI 48329
249 623 1818
suzywoodrow@hotmail.com
*Server's address*

Additional information regarding attempted service, etc: