UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

    Plaintiffs,

    v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.;
HOME SCHOOL HOLDINGS, INC.,
and HOME SCHOOL, INC;

    Defendants.

Case No.: 1:11-cv-13381-TLL-CEB
Honorable Thomas L. Ludington
Magistrate Charles E. Binder

_____

SUSAN PAYNE WOODROW (P29844)
SUSAN PAYNE WOODROW JD, PC
*Attorney for Plaintiffs*
3631 Dorothy Lane
Waterford, MI  4329
 (248) 760-1818
suzywoodrow@hotmail.com

MARK G. CLARK (P41652)
JOHN DI GIACOMO (P73056)
TRAVERSE LEGAL, PLC
*Attorneys for Defendant*
*Thomas A. Morrow and*
*Wave 3 Learning, Inc.*
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
mark@traverselegal.com
john@traverselegal.com

_____

**RESPONSE TO PLAINTIFFS' MOTION TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT**

    NOW COMES Defendants Thomas Morrow and Wave 3 Learning, Inc. and, for their Brief in Support of their Response to Plaintiffs' Motion to File Plaintiffs' First Amended Complaint, state as follows:

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). Plaintiffs' Motion to File Plaintiffs' First Amended Complaint must be denied because Plaintiffs have unduly delayed in filing their amendment and because Plaintiffs' proposed amendment is futile.

It is important to note that Defendants would not agree to Plaintiffs' proposed stipulation to amend Plaintiffs' Complaint because (1) Plaintiffs requested the amendment two months after amendments were discussed at the October 18, 2011 status conference; (2) Plaintiffs refused to provide Defendants with a copy of the First Amended Complaint; and (3) Defendants are not in the habit of agreeing to stipulations that they have not read and that may ultimately prejudice their rights or subject themselves to a claim of waiver. See **Exhibit A**, Printout of December 29, 2011 email from John Di Giacomo to Susan Payne Woodrow. Thus, Defendants have attempted to resolve this issue in good faith and without requesting the intervention of the Court.

Plaintiffs have filed their Motion to File Plaintiffs' First Amended Complainant on January 5, 2012, three months after the parties first discussed Defendants' request to file an Amended Complaint on October 18, 2011.

Plaintiffs have failed to submit any evidence explaining why they have unduly delayed in filing their Motion, and no additional discovery has been taken since the October 18, 2011 status conference. Consequently, Plaintiffs' failure to timely request an amendment has caused undue delay and Plaintiffs' Motion must be denied.

Additionally, Plaintiffs' proposed amendment is futile. Plaintiffs' proposed amendment merely adds a cause of action for replevin, which is now commonly known as claim and delivery under the Michigan Court Rules. Under MCR 3.105, claim and delivery is a civil action to recover:

> (1) possession of goods or chattels which have been unlawfully taken or unlawfully detained, and
>
> (2) damages sustained by the unlawful taking or unlawful detention.

MCR 3.105. Plaintiffs' Amended Complaint requests "the return of the right to publish" and Plaintiffs contend that "Plaintiffs own the copyrights and the right to publish which Defendant Morrow is unlawfully detaining." Plaintiffs pleads that they are "entitled to an action in repletion for the return of that property. Here, that property is the right to publish 'The Works.'"

Michigan law is clear that an action for claim and delivery does not extend to intangible property. In *Powers v. Fisher*, the Michigan Supreme Court stated,

> Plaintiffs, if relegated to an action of law, may not maintain replevin because the good will and the dairy business is not tangible or visible. It may not be felt or touched. It cannot be made the subject of replevin.

*Powers v. Fisher*, 279 Mich. 442, 449 (1937). This interpretation corresponds with the interpretation of the federal courts. Under § 301 of the Copyright Act, "all

legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright… are governed exclusively by this title." Consequently, the Copyright Act preempts a claim for claim and delivery. *See Henry v. Nat'l Geographic Soc'y*, 147 F. Supp. 2d 16, 21 (D. Mass. 2001) ("Henry's conversion claim seeks to protect his right to reproduce the forty-three photographs. Because § 106 also protects copyright owners from the unauthorized reproduction of the copyrighted work, the state and federal rights are equivalent, and Henry's conversion claim is preempted."). Patry on Copyright, the leading treatise in this area, states,

> While the majority of conversion claims are not of the nonpreempted type, some contain allegations about use of intangible property; that is, the essence of the complaint concerns the defendant's use of the plaintiff's material in a manner equivalent to rights granted in Section 106. These claims are preempted.

5 Patry on Copyright § 18:34. Since Plaintiffs' replevin claims relate to intangible property, the Copyright Act preempts them. Accordingly, Plaintiffs' Motion is futile and must be denied.

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint must be denied.

Respectfully submitted,

DATED: January 17, 2012.

/John Di Giacomo/
TRAVERSE LEGAL, PLC
John Di Giacomo (P73056)
810 Cottageview Drive
Unit G-20
Traverse City, MI  49684

# CERTIFICATE OF SERVICE

Documents:

- Defendant's Response to Plaintiff's Motion to File Plaintiff's First Amended Complaint

I hereby certify that on January 17, 2012 the referenced documents were electronically filed with the court and served via the courts' ECF system upon:

SUSAN PAYNE WOODROW
*Attorney for Plaintiff*
suzywoodrow@hotmail.com

and served via U.S mail upon;

Home School Holdings, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Home School, Inc.
1153 So. Lee Street, Suite 198
Des Plaines, IL  60016

Dated:  January 17, 2012          */s/ John Di Giacomo*
                                  TRAVERSE LEGAL, PLC
                                  John Di Giacomo (P73056)
                                  810 Cottageview Drive
                                  Unit G-20
                                  Traverse City, MI  49684