UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AVKO EDUCATIONAL RESEARCH
FOUNDATION, INC., et al.,

        Plaintiffs,

                              Case Number 11-13381
                              Honorable Thomas L. Ludington

v.

THOMAS MORROW, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

      This case was removed from the Saginaw County Circuit Court on August 3, 2011. Plaintiffs' original complaint included claims for copyright infringement, breach of contract, fraud and misrepresentation, and intentional infliction of emotional distress, and also included a count requesting an injunction. Plaintiffs claims arise out of a series of events resulting from Defendants Thomas Morrow and Wave 3 Learning allegedly acquiring, at the very least, the publishing rights to educational literary works authored by Plaintiff McCabe known as "The Works." Plaintiffs sought damages for Defendants' breach of its contractual obligation to pay Plaintiffs $250,000 of stock in Home School Holdings, Inc., (in addition to $50,000 received in cash) and a future profit sharing arrangement on the one hand, but sought a restraining order on the other hand, contending that "stealing the copyright is akin to stealing ones [sic] child" and that the Foundation's reputation cannot be corrected by monetary damages. ECF No. 1 at 31. Defendants filed a counterclaim alleging Plaintiffs failed to execute a subscription agreement for the Home School Holdings, Inc. stock and that later Defendants invested significant funds into marketing "The Works" with

Plaintiffs' knowledge after it was known the contract, as originally contemplated, could not be completed. Defendants sought its reliance damages in addition to the return of the initial $50,000 payment.

On October 5, 2011, Plaintiffs filed a motion for a preliminary injunction and for a temporary restraining order. ECF No. 12. Plaintiffs requested that the Court enter a preliminary injunction to enjoin Defendants from publishing, advertising, distributing, or selling any literary works from "The Works," which Plaintiffs allege is owned and copyrighted by AVKO. The Court held status conferences on October 18 and 26, 2011, in an attempt to facilitate an informal resolution of the issues presented in Plaintiff's motion. Because an informal resolution was not forthcoming, the Court scheduled the motion for hearing on January 23, 2012.

The Court cannot issue a preliminary injunction or restraining order "except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Because Defendants could suffer loss or damage upon issuance of a preliminary injunction, the Court determined that a bond was required from Plaintiffs. At the January 23 hearing, the Court advised Plaintiff that posting a $75,000 bond was necessary if the Court were to grant Plaintiffs' motion for a preliminary injunction and that the bond would need to be posted before the continued hearing scheduled for March 23, 2012.

At the March 23, 2012 hearing, Plaintiffs informed the Court that a bond had not yet been secured. Plaintiffs were directed to secure a bond and file proof of the bond on the docket on or before Monday, March 26, 2012. As of today's date, the docket does not reflect that a bond has been secured.

Accordingly, it is **ORDERED** that Plaintiff's motion for a preliminary injunction and temporary restraining order is (ECF No. 12) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 27, 2012

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS