UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

      Plaintiffs,

          v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.; HOME
SCHOOL HOLDINGS, INC., and HOME
SCHOOL, INC;

      Defendants.

Case No.: 1:11-cv-13381-TLL-CEB

Hon: Thomas L. Ludington

| | |
|---|---|
| SUSAN PAYNE WOODROW (P29844) | JOHN DI GIACOMO (P73056) |
| *Attorney for Plaintiffs,* | *Attorneys for Defendants* |
| *AVKO Educational Research* | *Thomas A. Morrow and* |
| *Foundation, a Michigan Corporation,* | *Wave 3 Learning, Inc.* |
| *and Donald J. McCabe, author* | 571 Blue Star Ct. |
| 3631 Dorothy Lane | Traverse City, MI 49685 |
| Waterford, MI, 48329 | (231) 714-4730 |
| (248) 760-1818 | john@revisionlegal.com |
| suzywoodrow@hotmail.com | |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY
HOME SCHOOL HOLDINGS, INC or HOME SCHOOL, INC
SHOULD NOT BE DISMISSED**

Plaintiffs have continually communicated with the principals of Home School

Holdings, Inc (HSH) and believe that they are a corporation that has no assets.  However,

to dismiss them would be to allow Defendants Morrow and Wave 3 Learning, Inc to

point to that empty chair.  It is our understanding that HSH will be present at the trial in

this matter and bring valuable information.  This evidence, including the testimony of

several of the principals, will be necessary for the case to be tried.  If HSH is dismissed, it will be very difficult and costly to compel their attendance at trial.  Further, the issue of the validity of the contract is such that it presents a fact question as to with whom the contract was made.  TO dismiss HSH, would be to invade the province of the jury and place Plaintiffs at a significant disadvantage.  Maintaining HSH as a party causes no extra work for the Court or the parties.

*Cully v. Grace Hosp*., 19 F.3d 18, at *2 (6th Cir. 1994) involved a *pro se* Plaintiff who had sued hospitals, private citizens, attorneys, state employees because of her discharge from various jobs.  She filed numerous complaints at various times in both State and Federal courts for a multiplicity of causes of action.  Those issues were litigated and dismissed; but she filed again and did nothing for 5 years.  The suits were dismissed for failure to prosecute were defendants who were entitled to immunity and Cully had not pled any claims to warrant maintaining the case.  Basically, Cully was a litigious person who repeatedly filed the same claims against the world in various courts.  (She probably also asked for a billion dollars damages as often occurs in such cases.)  This fact situation is simply quite different and reliance on *Cully* is misplaced.  Here, the case has not languished, but has been active.  Merely because Plaintiff's strategy chooses not to move actively against one defendant is not a valid reason to dismiss those counts.

In *Link v. Wabash R.R. Co.,* 370U.S. 626, 633 (1962) the suit had languished for three years after a motion for Summary Judgment had been heard and won by respondent's counsel.  When the Court scheduled a pretrial conference, respondent's counsel said he would be there but failed to appear without stating any reasonable excuse

for non-appearance. The Supreme Court indicated that when a case (not a claim against one party) has been dormant because of inaction or dilatoriness of the parties, it can dismiss. That is not the case here. Counsel has appeared for all scheduled hearings and conferences, has actively litigated, and is ready to try the case. It is of note that in both the above cases, 3 years and 5 years had transpired without activity. Not so here. HSH should not be dismissed. Their dismissal will not change the length of the trial nor reduce the effort needed by the Court in this case in any significant manner or present. Any benefit to the Court would be scantily negligible.

However, Home School, Inc. should be dismissed.

Dated: March 14, 2013

/s/ Susan Payne Woodrow
Susan Payne Woodrow P29844
Attorney for Plaintiffs
3631 Dorothy Lane
Waterford, MI 48329-1105
 248 623 1818
suzywoodrow@hotmail.com

### PROOF OF SERVICE

Susan Payne Woodrow certifies that she served a copy of the above pleading and exhibits to all parties of record by ECF on March 14, 2013.

/s/ Susan Payne Woodrow
Susan Payne Woodrow