# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

AVKO EDUCATIONAL RESEARCH
FOUNDATION, a Michigan
Corporation, and DONALD J.
MCCABE, author,

    Plaintiffs,

        v.

THOMAS A. MORROW, an individual,
WAVE 3 LEARNING, INC.;
HOME SCHOOL HOLDINGS, INC.,
and HOME SCHOOL, INC;

    Defendants.

Case No.: 1:11-cv-13381-TLL-CEB
Honorable Thomas L. Ludington
Magistrate Charles E. Binder

_____

| | |
|---|---|
| SUSAN PAYNE WOODROW (P29844) | JOHN DI GIACOMO (P73056) |
| SUSAN PAYNE WOODROW JD, PC | REVISION LEGAL, PLLC |
| *Attorney for Plaintiffs* | *Attorneys for Defendant* |
| PO Box 300833 | *Thomas A. Morrow and* |
| Drayton Plains, MI  48300 | *Wave 3 Learning, Inc.* |
| (248) 760-1818 | 571 Blue Star Ct. |
| suzywoodrow@hotmail.com | Traverse City, MI 49685 |
| | (231) 714-4730 |
| | john@revisionlegal.com |

_____

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE WHY HOME SCHOOL HOLDINGS, INC. AND HOME SCHOOL, INC. SHOULD NOT BE DISMISSED**

Defendants Wave 3 Learning, Inc. and Thomas Morrow, by and through their attorneys Revision Legal, hereby state for their Reply to Plaintiff's Response

to Motion for Order to Show Cause Why Home School Holdings, Inc. and Home School, Inc. should not be dismissed:

## I. INTRODUCTION

Plaintiffs' case against Defendants Home School Holdings, Inc. and Home School, Inc. must be dismissed because Plaintiffs have willfully failed to prosecute their case against these parties and, when told to dismiss them from the case, have ignored the Court's direction. Plaintiffs' failure to dismiss these parties from the case has prejudiced Defendants because Defendants, relying on Plaintiffs' representations, have foregone conducting discovery against these parties or from deposing their principals. Plaintiffs were warned by the Court on numerous occasions that failure to prosecute would result in the dismissal of these parties from the case, and, at this late stage, no sanction other than dismissal will appropriately remedy Plaintiffs' inaction and the prejudice to Defendants if these parties are not dismissed.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This section also provides the Court with the authority to dismiss a party *sua sponte*. *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 (6th Cir. 2008) ("The second source is Fed. R. Civ. P. 41(b), which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order."). "The court considers four factors when deciding whether to dismiss some or all of the

plaintiffs' complaint for lack of prosecution: (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the plaintiff's conduct; (3) whether the plaintiffs were warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before ordering dismissal." *Zanke-Jodway v. Capital Consultants, Inc.*, 2010 U.S. Dist. LEXIS 19137, 26-27, 2010 WL 776743 (W.D. Mich. Mar. 3, 2010) (citing Rogers at 375).

### III. ARGUMENT

Defendants Home School Holdings, Inc. ("HSH") and Home School, Inc. ("HSI") should be dismissed from this case because Plaintiffs have failed to prosecute their case against Defendants. Plaintiffs have willfully failed to prosecute their case against Defendants to the prejudice of Defendants Thomas Morrow and Wave 3 Learning and the Court warned Plaintiffs on numerous occasions that their failure to prosecute the case against Defendants HSH and HSI would lead to dismissal. Since no less drastic sanction would protect Defendants Thomas Morrow and Wave 3 Learning, Inc. against substantial prejudice, Defendants HSH and HSI must be dismissed.

Defendants Home School Holdings, Inc. and Home School, Inc. should be dismissed because Plaintiffs previously agreed to their dismissal. On September 25, 2013, Andrew Crowder, Law Clerk for Hon. Ludington, directed the parties to submit a stipulation to dismiss these parties from the case. See **Exhibit A**, Printout of September 25, 2012 Email from Crowder. In response, Plaintiffs counsel, Ms. Woodrow, represented that she had "no problem signing such a

stipulation." See **Exhibit B**, Printout of September 25, 2012 Email from Woodrow. Unfortunately, the stipulation that was submitted to the Court did not contain the dismissal of Defendants, nor did either party file a subsequent stipulation for dismissal. (ECF No. 80). Consequently, since Plaintiffs previously agreed to the dismissal of Defendants Home School Holdings, Inc. and Home School, Inc., these Defendants should be dismissed from this case.

Additionally, if these Defendants are not dismissed, Defendants Wave 3 Learning, Inc. and Thomas Morrow will be prejudiced by Plaintiffs' affirmative representations that they did not intend to prosecute their case against HSH and HSI and that they intended to dismiss these Defendants from the case. Neither party has conducted discovery as to the actions of HSH or HSI[1], nor has either party conducted the depositions of the shareholders or officers of HSH or HSI. David Nicholson, the current CEO of HSH and HSI, has only appeared in this matter on one prior occasion—at the hearing on Plaintiffs' Motion for Preliminary Injunction on January 23, 2012. Neither HSH nor HSI were present at the parties' final settlement conference, nor was either party contemplated in the settlement agreement that arose out of that settlement conference. In Plaintiffs' Response to the Court's Order to Show Cause, Plaintiffs note, "It is our understanding that HSH will be present at trial in this matter and bring valuable information. This evidence, including the testimony of several of the principals, will be necessary for the case to be tried." This statement alone evidences the extent to which Defendants will be prejudiced if HSH and HSI are not dismissed. Plaintiffs have

---

[1] Or, if Plaintiffs have participated in discovery with HSH and HSI, Defendants have not received copies of any documents or information produced.

failed to provide an updated witness list disclosing the identity and contact information of these principals and have failed to provide Defendants with any documents or information that they have received from HSH or HSI. Consequently, Defendants HSH and HSI must be dismissed from the case because Defendants Morrow and Wave 3 Learning will be prejudiced by Plaintiffs' failure to prosecute if they are not.

Plaintiffs were also warned, on several occasions, that HSH and HSI should be dismissed from the case. In October of 2011, at the parties' first status conference, the Court directed Plaintiffs to choose a theory of recovery against either HSH or Wave 3 Learning and dismiss the inappropriate party. Plaintiffs followed the Court's direction, and, on April 6, 2012, Plaintiffs filed their First Amended Complaint, which removed both HSH and HSI from the caption of the Complaint. (ECF Nos. 70-71). Later, Plaintiffs again added HSH and HSI to the caption. (See, for example, ECF No. 97). And, as stated above, the Court specifically directed Plaintiffs to dismiss both HSH and HSI from the case in September 2012. See **Exhibits A & B**. Since Plaintiffs were warned that HSH and HSI should be dismissed, Plaintiffs have failed to prosecute their case against those Defendants and they should be dismissed.

Finally, no less drastic sanctions for Plaintiff's failure to prosecute will resolve the prejudice that will result if HSH and HSI are not dismissed. Since the discovery cutoff has now passed, the inclusion of HSH and HSI in this case, after Plaintiffs' numerous representations that HSH and HSI would be dismissed, would prevent Defendants from collecting the discoverable information necessary

to defend themselves. Furthermore, since neither HSH nor HSI have submitted a witness list or any other of the required documents intended to prevent the other parties in the case against surprise or prejudice, HSH and HSI must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendants Home School Holdings, Inc. and Home School, Inc. must be dismissed from this case.


Dated:  March 18, 2013                    */s/ John Di Giacomo*_____
                                          Revision Legal
                                          John Di Giacomo
                                          571 Blue Star Ct.
                                          Suite 100
                                          Traverse City, MI  49685

## CERTIFICATE OF SERVICE

Documents:

- *Defendants Reply to Plaintiff's Response to Order to Show Cause*

I hereby certify that on March 18, 2013 the referenced documents were electronically filed served via email upon:

SUSAN PAYNE WOODROW
*Attorney for Plaintiff*
suzywoodrow@hotmail.com


Dated:  March 18, 2013                     */s/ John Di Giacomo*_____
                                           Revision Legal
                                           John Di Giacomo
                                           571 Blue Star Ct.
                                           Suite 100
                                           Traverse City, MI  49685