UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS A. MORROW and
WAVE 3 LEARNING, INC.,

       Counter-Plaintiffs       Case Number 11-13381
                                         Honorable Thomas L. Ludington

v.

AVKO EDUCATIONAL RESEARCH
FOUNDATION and DONALD J.
MCCABE,

       Counter-Defendants,
_____/

**OPINION AND ORDER DENYING COUNTER-PLAINTIFFS'
MOTION FOR ATTORNEYS FEES AND SETTING CASE MANAGEMENT DATES**

Thomas Morrow and Wave 3 Learning (W3L) want to be reimbursed for the legal expenses they have invested in the case thus far. A motion for attorney fees and costs was filed, proclaiming that Morrow and W3L "are the prevailing parties in this matter." Counter Pls.' Mot. 3, ECF No. 105. Despite the fact that AVKO Educational Research Foundation and Donald McCabe have furnished no response to the motion for fees and costs — the motion will be denied.

**I**

This case involves a procedural history that is as lengthy as it is unusual. It has been recounted in detail, *see* Mar. 8, 2013 Order 1–2, ECF No. 96; Apr. 5 Op. & Order 1–7, ECF No. 103, and it need not be reproduced here. Only facts essential to this order will be set forth.

In May 2009, McCabe contacted Morrow about the possibility of a transaction between AVKO and Home School Holdings, Inc. (HSH). At the time, Morrow was not yet the CEO of W3L (as W3L was not incorporated), but he was the CEO of HSH. By the fall, representatives

from AVKO and HSH (McCabe and Morrow) were negotiating. They eventually reached agreement, which was codified in a document entitled "Publishing Rights Agreement."

Pursuant to that Agreement, AVKO agreed to assign to HSH the right to publish and sell the AVKO works[1] "anywhere in the world." Publishing Rights Agreement 1, *attached as* Counter-Pls.' Mot. Summ. J. Ex. G, ECF No. 92. AVKO further agreed to preclude any other party from publishing the AVKO works within the United States and Canada, and only outside those countries with HSH's permission and proper compensation. *Id.* In return, upon closing, HSH was to deliver to AVKO $50,000 in cash and an additional $250,000 in HSH stock certificates, followed by a percentage of any proceeds for the sale of the AVKO works. *Id.* at 2. On June 3, 2010, Morrow delivered a cashier's check to AVKO in the amount of $50,000, Counter-Pls.' Mot. Summ. J. Ex. H, and sent a Subscription Agreement for the HSH stock to McCabe, Counter-Pls.' Mot. Summ. J. Ex. I. The next day, the Publishing Rights Agreement was signed by McCabe and Morrow on behalf of AVKO and HSH. Publishing Rights Agreement 4. However, HSH never transferred $250,000 of HSH stock, and McCabe never signed the Subscription Agreement.

Subsequently, Morrow resigned from HSH and incorporated W3L. He offered to continue the Agreement with AVKO through W3L, and McCabe and AVKO acquiesced, if they did not agree. Over time, the relationship between the parties broke down, and eventually, AVKO and McCabe filed suit. Morrow and W3L responded with a counterclaim, which they subsequently amended. AVKO and McCabe's complaint was dismissed on summary judgment, but Morrow and W3L's amended counterclaim lives on. *See* Apr. 5, 2013 Op. & Order 19, 20, ECF No. 103.

---

[1] Referenced as "The Works" in the parties' agreement, and attached as Exhibit A to that agreement. *See* Counter-Pls.' Mot. Summ. J. Ex. G, at 5–6.

After the Court addressed Morrow and W3L's motion for summary judgment, they moved for attorney's fees and costs. They bring their motion pursuant to Federal Rule of Civil Procedure 68(d) and 17 U.S.C. § 505.

## II

### 1

Rule 68 provides for service "on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer goes unaccepted, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Although the Court generally has discretion whether to award costs to the prevailing party, where a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, "he *must* pay the costs incurred after the asking of the offer. This language is mandatory; where the rule operates, it leaves no room for district court discretion." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989) (emphasis in original) (quoting *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir. 1982)).

Thus, the question of attorney's fees and costs under Rule 68 revolves around whether the offer of judgment AVKO and McCabe rejected was more favorable than the April 5, 2013 Court Order. Morrow and W3L maintain that it was. The Court thinks not.

Morrow and W3L's motion indicates that they made an offer of judgment on January 9, 2012 pursuant to Rule 68(a). Counter-Pls.' Mot. 3. They go on to outline the terms of that offer: Morrow and W3L would acknowledge that AVKO owned the copyrights to the AVKO works (and, presumably, would assign them back to AVKO), and they would acknowledge their breach

of the Publishing Rights Agreement. Had AVKO and McCabe accepted the offer, they would be required to purchase the remaining works in Morrow and W3L's possession for $35,000, and return the $50,000 in cash they received from Morrow under the Publishing Rights Agreement. *Id*. at 4.

But Morrow and W3L forget about the other terms of the Publishing Rights Agreement, which they maintain is still in force.[2] Indeed, in the Court's understanding, Morrow and W3L continue to commercially develop and sell the AVKO Works. According to their amended counterclaim, "Counter-Defendant AVKO agreed to substitute the stock options that were previously offered under the Publishing Rights Agreement with *equally valuable consideration at a later time*." Counter-Pls.' Am. Countercl. at ¶ 83 (emphasis added).

In essence, the Publishing Rights Agreement remains, and Morrow and W3L may owe AVKO and McCabe valuable consideration of not less than $250,000. Had AVKO and McCabe accepted the offer of judgment, it is true they would now have the rights to the AVKO works, but they would also be out $85,000. As it stands, Morrow and W3L may still owe $250,000: a swing in AVKO and McCabe's favor to the tune of $335,000. Accordingly, Morrow and W3L's claim that the "offer of judgment was significantly more favorable than Plaintiffs' results in the litigation" is simply not well-founded. Their motion under Rule 68 will be denied.

**2**

Morrow and W3L's motion also fails under 17 U.S.C. § 505. It states:

[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an

---

[2] Morrow and W3L's amended counterclaim establishes the following: "Since Counter-Defendant AVKO's deal with Home School Holdings could not move forward, Counter-Defendant AVKO and Counter-Plaintiff Wave 3 Learning *entered into an agreement with substantially the same terms*." Counter-Pls.' Am. Countercl. at ¶ 79 (emphasis added). "Counter-Defendant AVKO and Counter-Plaintiff Wave 3 Learning orally agreed to enter into a contract evidenced by the same terms as the Publishing Rights Agreement." *Id*. at ¶ 82.

>officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

§ 505. The decision whether to award attorney's fees here is within the court's discretion. *Id.*; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion").

The Court in *Fogerty* adopted a nonexclusive list of four factors for courts to consider when deciding whether to award attorney's fees. They are: (1) frivolousness; (2) motivation; (3) objective unreasonableness; and (4) the need "to advance considerations of compensation and deterrence." *Id*. at 535 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986). *See also Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002) ("Such fees are subject to the discretion of the trial court and should be based upon the factors listed in the district court's order, such as, frivolousness of the claim, motivation, reasonableness, and deterrence.") (citations omitted). In *Fogerty*, the Supreme Court determined that these four factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." 510 U.S. at 535 n.19.

In this case, and in the Court's discretion, attorney's fees and costs are not warranted under § 505. AVKO and McCabe's claims were not necessarily frivolous; in fact, Morrow and W3L's offer of judgment indicated those parties were willing to "acknowledge that AVKO owns copyrights to the AVKO works" and further "acknowledge their breach of the Publishing Rights Agreement." Counter-Pls.' Mot. 4. It is also not objectively unreasonable for AVKO to bring suit, and include a breach of contract claim, where the company is owed $250,000. Finally, the fact that Morrow and W3L still owe this amount falls squarely in favor of denying their motion for attorney's fees and costs, in the interest of advancing "compensation and deterrence."

**III**

What remains is Morrow and W3L's amended counterclaim, where they will need to prove they are justified in failing to pay AVKO $250,000 because of the six claims they present.[3] A discovery deadline and dispositive motions cutoff will be set to govern these claims and get this case moving towards trial.

**IV**

Accordingly, it is **ORDERED** that Counter-Plaintiffs' Motion for Attorney's Fees and Costs, ECF No. 105, is **DENIED**.

It is further **ORDERED** that discovery on Counter-Plaintiffs' amended counterclaims will be due no later than **August 30, 2013**.

It is further **ORDERED** that dispositive motions concerning Counter-Plaintiffs' amended counterclaims are due by **September 16, 2013**.

Final pretrial conference and trial dates will be determined at a later date.


Dated: May 21, 2013	s/Thomas L. Ludington
	THOMAS L. LUDINGTON
	United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2013.

　　　　　s/Tracy A. Jacobs
　　　　　TRACY A. JACOBS

---

[3] Fraud in the inducement (Count I), breach of contract/implied warranty of title (Count II), unjust enrichment (Count III), defamation (Count IV), defamation per se (Count V), and tortious interference with a business relationship or expectancy (Count VI).