# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AVKO EDUCATIONAL RESEARCH FOUNDATION, a Michigan Corporation, and DONALD J. MCCABE, author,<br>　　　Plaintiffs,<br>　　　　　v.<br>THOMAS A. MORROW, an individual, WAVE 3 LEARNING, INC.; HOME SCHOOL HOLDINGS, INC., and HOME SCHOOL, INC;<br>　　　Defendants. | Case No.: 1:11-cv-13381-TLL-CEB<br><br>Hon: Thomas L. Ludington |
| SUSAN PAYNE WOODROW (P29844)<br>Attorney for Plaintiffs,<br>AVKO Educational Research Foundation, a Michigan Corporation, and Donald J. McCabe, author<br>3631 Dorothy Lane<br>Waterford, MI, 48329<br>(248) 760-1818<br>suzywoodrow@hotmail.com | JOHN DI GIACOMO (P73056)<br>Attorney for Defendants<br>Thomas A. Morrow and<br>Wave 3 Learning, Inc.<br>571 Blue Star Ct.<br>Traverse City, MI 49685<br>(231) 714-4730<br>john@revisionlegal.com |

## COUNTER-DEFENDANTS AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. AND DONALD J. MCCABE'S MOTION FOR SUMMARY JUDGMENT

　　　Counter-Defendants AVKO Educational Research Foundation, Inc. (AVKO) and Donald J. McCabe (McCabe) by and through their attorney Susan Payne Woodrow state the following as a Motion for Summary Judgment.

1.　　Counter-Defendants hereby move for summary judgment pursuant to Fed. R. Civ. P. 56 and/or 12(b)(6) for failure to state a claim upon which relief can be granted as to all counts of Counter-Plaintiff's Complaint because no genuine issues of material fact remain for trial, because judgment in favor of Counter-Defendants is proper as a matter of law or because Counter-Defendants' counter-complaint fails to state sufficient facts or elements to support any claims for relief.

2.      Counter-Defendants are entitled to summary judgment as a matter of law on all of the counts listed in Counter-Plaintiffs' Complaint because no genuine evidence has or can be produced to substantiate their complaints. Counter-Plaintiff's have only Morrow's words and memories to present with no corroborating witnesses. Counter-Defendants have evidence (Exhibits A through GG) that demonstrate Counter-Plaintiff Morrow's lack of credibility, e.g., lies told by him to the Court, to the SEC, to the Bankruptcy Court, and in his Separation Agreement with HSH.

3.      Counter-Plaintiff's claims for fraud in the inducement must also fail because they are not supported by the law or the facts.

4.      Counter-Defendants rely on the attached Brief in Support of their Motion for Summary Judgment.

5.      Counter-Defendants rely on the Court's previous ruling that a license to reproduce and distribute "the Works" had been granted to Wave 3 Learning, Inc. based upon the pertinent particulars of the June 4, 2010 agreement which called for a total payment of $600,000.00 none of which was paid by Wave 3 Learning.

**WHEREFORE,** Counter-Defendants pray this Court dismisses with prejudice Counter-Plaintiffs entire cross complaint, find all pending motions moot, and award costs and attorney's fees.

Respectfully submitted this day, September 4, 2013.

/s/Susan Payne Woodrow  
Susan Payne Woodrow  
3631 Dorothy Lane  
Waterford, MI 48329  
(248) 760-1818