UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAVE 3 LEARNING, INC.,
THOMAS A. MORROW,

          Counter-Plaintiffs,

Case Number 11-13381
Honorable Thomas L. Ludington

v.

AVKO EDUCATIONAL RESEARCH
FOUNDATION, DONALD J. McCABE,

          Counter-Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION, DENYING MOTION TO COMPEL, DENYING MOTION FOR SUMMARY JUDGMENT, DENYING MOTION TO MODIFY SCHEDULING ORDER, GRANTING MOTION TO WITHDRAW, DENYING MOTION TO STRIKE, DENYING MOTION FOR SANCTIONS, AND DISMISSING REMAINING CLAIMS WITHOUT PREJUDICE**

This case has been challenging for the parties for a number of reasons. First, the underlying business transaction at issue was never carefully researched, or for that matter, even completed. Accordingly, when the parties' partially completed transaction failed, the Counter-Defendants did not have the resources to unwind it, and the Counter-Plaintiffs did not have the resources to complete it. So, significant efforts were invested to see if a working relationship could be salvaged, but then the second problem became apparent: whatever trust had existed between the parties—necessary for a successful business operation—was gone.

AVKO Education Research Foundation (AVKO) and Donald J. McCabe (McCabe) filed suit against Wave 3 Learning, Inc. (W3L) and Thomas A. Morrow (Morrow) alleging a deluge of claims. W3L and Morrow answered with a counterclaim, alleging their own raft of claims. Along the way, AVKO and McCabe's claims have been dismissed, and so all that remains at this point is Morrow and W3L's amended counterclaim. As a result of this Opinion, only two claims

remain unresolved: Morrow and W3L's assertion that AVKO and McCabe defamed them and tortuously interfered with their business relationships.

As a result, pursuant to the Supreme Court's decision in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), these two remaining claims will be dismissed without prejudice to Morrow and W3L's ability to refile in an appropriate state court venue.

In addition, Morrow and W3L's motion for reconsideration will be denied, their motion to compel will be denied, their motion to modify the scheduling order will be denied, their motion to strike will be denied, and their motion for sanctions will be denied. AVKO and McCabe's motion for summary judgment will be denied, and their motion for the withdrawal of Attorney Susan Woodrow will be granted.

**I**

This case involves a procedural history that is as lengthy as it is unusual. It has been recounted in detail, *see* Mar. 8, 2013 Order 1–2, ECF No. 96; Apr. 5 Op. & Order 1–7, ECF No. 103, and it need not be reproduced here. Only a cursory background will be set forth.

In May 2009, McCabe contacted Morrow about the possibility of a transaction between AVKO and Home School Holdings, Inc. (HSH). At the time, Morrow was not yet the CEO of W3L (as W3L was not incorporated), but he was the CEO of HSH. By the fall, representatives from AVKO and HSH (McCabe and Morrow) were negotiating. They eventually reached what they thought to be an agreement, and drafted a document entitled "Publishing Rights Agreement."

Pursuant to that Agreement, AVKO agreed to assign to HSH the right to publish and sell the AVKO works[1] "anywhere in the world." Publishing Rights Agreement 1, *attached as*

---

[1] Referenced as "The Works" in the parties' agreement, and attached as Exhibit A to that agreement. *See* Counter-Pls.' Mot. Summ. J. Ex. G, at 5–6.

- 2 -

Counter-Pls.' Mot. Summ. J. Ex. G, ECF No. 92. AVKO further agreed to preclude any other party from publishing the AVKO works within the United States and Canada, and only outside those countries with HSH's permission and proper compensation. *Id*. In return, upon closing, HSH was to deliver to AVKO $50,000 in cash HSH stock certificates worth a market value of $250,000, followed by a percentage of any proceeds for the sale of the AVKO works. *Id*. at 2. On June 3, 2010, Morrow delivered a cashier's check to McCabe or AVKO in the amount of $50,000 (though no one has explained what the Foundation did with the money), Counter-Pls.' Mot. Summ. J. Ex. H, and sent a Subscription Agreement for the HSH stock to McCabe, Counter-Pls.' Mot. Summ. J. Ex. I. The next day, the Publishing Rights Agreement was signed by McCabe and Morrow on behalf of AVKO and HSH. Publishing Rights Agreement 4. However, HSH never transferred $250,000 of HSH stock, and McCabe never signed the Subscription Agreement.

Subsequently, Morrow resigned from HSH because, it has been suggested, HSH was no longer a going concern and he could not produce HSH stock with the promised market value of $250,000. So Morrow incorporated W3L. He then offered to continue the Agreement with AVKO through W3L, and McCabe and AVKO acquiesced to continue the deal, with no apparent attention to how the purchase price would be paid. Over time, the relationship between the parties broke down, and eventually, AVKO and McCabe filed suit. Morrow and W3L responded with a counterclaim, which they subsequently amended. AVKO and McCabe's claims were dismissed on summary judgment, in large part due to the fact that the parties they sued were not parties to the Agreement. *See* Apr. 5, 2013 Op. & Order 15, ECF No. 103 ("Plaintiffs' breach of contract claim is directed specifically at Morrow. But Morrow was not a party to the [Agreement]. Indeed, the [Agreement] established that Morrow signed [it] 'For Home School

Holdings, Inc.'"  As HSH is not a party to the case, Plaintiffs' breach of contract claim must be dismissed." (citations omitted)).  Nevertheless, Morrow and W3L's amended counterclaim lived on.  *See id*. at 19, 20.

After the Court addressed Morrow and W3L's motion for summary judgment, they moved for attorney's fees and costs.  They brought their motion pursuant to Federal Rule of Civil Procedure 68(d) and 17 U.S.C. § 505.  The motion was denied.

**II**

Morrow and W3L filed a motion for reconsideration of the Court's opinion denying their motion for attorney's fees and costs.  Upon review, the motion for reconsideration will be denied.

Morrow and W3L's motion for reconsideration is brought pursuant to Eastern District of Michigan's Local Rule 7.1.  *See* W3L Mot. Reconsideration 2, ECF No. 108.  Local Rule 7.1(h) allows a party to bring a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  Such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled," but also "that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  *Id*.

Morrow and W3L brought their motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 68. Rule 68 provides for service "on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If the offer goes unaccepted, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ.

P. 68(d). Although the Court generally has discretion whether to award costs to the prevailing party, where a Rule 68 offer is made and the judgment finally obtained by the plaintiff is not more favorable than the offer, "he *must* pay the costs incurred after the asking of the offer. This language is mandatory; where the rule operates, it leaves no room for district court discretion." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989) (emphasis in original) (quoting *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir. 1982)).

In their motion for fees, Morrow and W3L recite that they made an offer of judgment on January 9, 2012, pursuant to Rule 68(a). Mot. Fees 3, ECF No. 105. Morrow and W3L also outline the terms of the offer (essentially to rescind the original transaction): they would acknowledge that AVKO owned the copyrights to the AVKO works (and, presumably, would assign them back to AVKO), and they would acknowledge their breach of the Publishing Rights Agreement. Had AVKO and McCabe accepted the offer, they would have been required to purchase the remaining works in Morrow and W3L's possession for $35,000, and return the $50,000 in cash they received from Morrow under the Publishing Rights Agreement. *Id.* at 4.

The Court's previous analysis included as a part of this calculus the $250,000 that Morrow negotiated to have HSH pay under the Purchase Agreement. Thus, the Court concluded that Morrow and W3L had not demonstrated that the result for AVKO was less favorable than a loss of $335,000 ($250,000 in addition to $85,000). However, because that Agreement was with HSH (the party that promised the HSH stock with a value of $250,000), and not Morrow or W3L, *see* Apr. 5, 2013 Op. & Order 15, it was erroneous to include this amount in the Rule 68 offer of judgment analysis. On this point, the Court agrees with Morrow and W3L.

But to obtain relief under Local Rule 7.1(h), Morrow and W3L must show that correcting this error would change the Court's disposition. This they have not done, because engaging in

Rule 68 analysis at all was error. Indeed, the Sixth Circuit has made abundantly clear that Rule 68 "is applicable only when the plaintiff obtains a judgment less favorable than the offer *and not when the plaintiff obtains no judgment at all*." *Hopper*, 867 F.2d at 293 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). Because AVKO and McCabe did not obtain a judgment, because all their claims were dismissed instead, Morrow and W3L's Rule 68 offer is irrelevant.

The Court will also not grant the motion for reconsideration based on 17 U.S.C. § 505. This portion of the motion for reconsideration presents nothing new. The Court previously held that "attorney's fees and costs are not warranted under § 505" because AVKO's claims were not necessarily frivolous. May 21, 2013 Op. & Order 5, ECF No. 107. Morrow and W3L maintain that AVKO and McCabe's claims "were frivolous, objectively unreasonable, and without merit." As noted above, motions for reconsideration will not be granted when they "merely present the same issues ruled upon by the court . . . ." E.D. Mich. LR 7.1(h)(3). Morrow and W3L's motion for reconsideration will be denied.

### III

AVKO and McCabe filed their own motion for summary judgment, requesting that Morrow and W3L's counterclaims for fraud, breach of contract, unjust enrichment, defamation, and promissory estoppel be dismissed. Interestingly, the motion makes no mention of Morrow and W3L's counterclaim for tortious interference which necessarily addresses most of the same factual events.

In their response to the motion, Morrow and W3L moved to voluntarily dismiss their counterclaims for fraud, breach of contract, unjust enrichment, and promissory estoppel. *See* Resp. Mot. Summ. J. 7, ECF No. 119. Because, AVKO and McCabe's motion for summary

judgment does not move for the dismissal of Morrow and W3L's tortious interference claim, that claim will not be dismissed.

Accordingly, all that remains for discussion is AVKO and McCabe's suggestion that summary judgment is warranted on Morrow and W3L's defamation counterclaim.

In support of their motion for summary judgment on the point, AVKO and McCabe advance one argument: that Morrow and W3L failed to plead their defamation claim with specificity. AVKO and McCabe argue as follows: "By failing to plead the basic elements of the purported defamation, i.e., by setting forth the statements and the factual circumstances surrounding them, [Morrow and W3L] have failed to set forth not only the elements of the tort, but also failed to plead any facts or statements with specificity." Mot. Summ. J. 16, ECF Nos. 112, 113.

In this way, AVKO and McCabe do not attempt to show that a disputed issue of material fact is lacking, just that Morrow and W3L did not plead the elements of defamation properly. This claim will only be dismissed under federal pleading standards if "it is clear from the pleading that [Morrow and W3L] would be unable to obtain relief . . . ." *Bringer v. City of Ontario*, 370 F. App'x 682, 706 (6th Cir. 2010).

Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement; (2) an unprivileged publication; (3) fault amounting at least to negligence on the aprt of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod). *Burden v. Elias Brothers Big Boy Rests.*, 613 N.W.2d 378, 381 (Mich. Ct. App. 2000) (citation omitted).

Morrow and W3L's counterclaim pleads sufficient information to pass muster, and therefore it will not be dismissed for lack of specificity.[2]  Morrow and W3L allege in their counterclaim that AVKO and McCabe made unprivileged, false statements to at least one of W3L's potential customers; specifically, that W3L did not have the right to sell or distribute the AVKO works.  The Court has already determined that Morrow and W3L did have a valid license to publish the AVKO works, based on the partially-executed Agreement and McCabe's own assertions.  *See* Apr. 5, 2013 Op. & Order 12.

Accordingly, Morrow and W3L's counterclaims for defamation survive application of pleading standards and will not be dismissed on summary judgment.  AVKO and McCabe's motion for summary judgment will be denied, with the caveat that all claims Morrow and W3L voluntarily dismissed will be dismissed with prejudice.

Thus, all that remains here are Morrow and W3L's state law claims for defamation and tortious interference.  But this case was removed from state court because this Court had original jurisdiction under 28 U.S.C. § 1338(a), as there were claims concerning copyright infringement. *See* Notice Removal 2, ECF No. 1.  The state law claims were removed pursuant to 28 U.S.C. § 1441(c).

In *Gibbs*, the Supreme Court made clear that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726 (footnotes omitted); *see also In re Romulus Cmty. Sch.*, 729 F.2d 431, 436 (6th Cir. 1984) ("the district court recognized that the dismissal of the

---

[2] Particularly appropriate where, as here, AVKO and McCabe have not responded to production requests throughout discovery to allow Morrow and W3L to amend their pleadings with more specific facts uncovered through discovery.  *See Williams v. Detroit Bd. of Ed.*, 532 F. Supp. 2d 602, 606 (E.D. Mich. 2007).

federal claim left only unsettled issues of state law. We believe, following *Gibbs*, that the district court would have been clearly justified in dismissing the case without prejudice, leaving the plaintiffs to pursue their claims in the state forum they now so avidly seek."). Accordingly, Morrow and W3L's state law claims will be dismissed without prejudice. *See Moore v. Coffee Cnty., TN.*, 402 F. App'x 107, 108 (6th Cir. 2010) ("The court may, in its sound discretion, either dismiss the claims without prejudice, or remand them." (internal citations omitted)).

## IV

Morrow and W3L filed a motion to strike AVKO and McCabe's motion for summary judgment five days before they responded to it. They indicate that the motion should be stricken because it "contains numerous scurrilous, unauthenticated, objectionable, improper, and harassing statements." Mot. Strike 2, ECF No. 118. They also indicate, as they did in the motion to modify the scheduling order, that they "are unable to respond because [AVKO and McCabe] have failed to provide any discovery responses in this matter." *Id.* Again, Morrow and W3L did respond adequately to the motion, and the claims they contested were not dismissed with prejudice. Thus, the motion to strike will be denied as moot.[3]

## V

Not only did Morrow and W3L request sanctions in their motion to strike, they filed an additional motion requesting those sanctions a second time. *See* Mot. Sanctions, ECF No. 120. Thus, Morrow and W3L requested the costs of bringing its motion to strike, and then for the *very*

---

[3] Morrow and W3L also move for sanctions, alleging that AVKO and McCabe's motion for summary judgment "was submitted in bad faith." Mot. Strike 2. But such sanctions are highly discretionary, and such an award is not appropriate here. Indeed, in order to award attorney's fees for bad faith, "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal quotation marks and citation omitted). AVKO and McCabe's claims have all been dismissed, the only parties that continue to advance claims are Morrow and W3L.

*same reasons*, filed a motion for sanctions and requested the costs of bringing that motion as well.

It bears repeating that to award attorney's fees for bad faith, "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal quotation marks and citation omitted). McCabe and AVKO are no longer asserting claims; they are simply defending against Morrow and W3L's. Accordingly, no sanctions will be awarded.

## VI

Susan Woodrow, counsel for AVKO and McCabe, filed a motion requesting that she be allowed to withdraw. *See* Mot. Withdraw, ECF No. 117. Ms. Woodrow indicates that her relationship with her clients, AVKO and McCabe, "has completely broken down." *Id*. at 2. Attached to the motion is compelling evidence that this is the case. In a letter to Ms. Woodrow, McCabe writes, "We are discharging you as our attorney. As your last act on behalf of AVKO . . . and Donald J. McCabe, we demand that you file the motion for summary judgment with the facts and exhibits that I have previously sent." Mot. Withdraw Ex. A. McCabe signs the letter, "With sincere regret." *Id*.

ABA Model Rule for Professional Conduct 1.16(a) provides that a "lawyer shall not represent a client" where "the lawyer is discharged." There is no mincing the facts here, Ms. Woodrow has been released of her responsibility to represent McCabe, and presumably AVKO to the extent he remains an officer of the Foundation. Her request to withdraw will be granted.

VII

Next is Morrow and W3L's motion to compel discovery and deem requests for admission admitted.  *See* Mot. Compel, ECF No. 111.  This motion will be denied as moot, as the remaining claims will be dismissed without prejudice.  Morrow and W3L's motion to modify the scheduling order will also be denied as moot for the same reasons.

IX

Accordingly, it is **ORDERED** that Morrow and W3L's motion for reconsideration, ECF No. 108, is **DENIED**.

It is further **ORDERED** that AVKO and McCabe's motions for summary judgment, ECF Nos. 112, 113, are **DENIED**.

It is further **ORDERED** that Morrow and W3L's motion to strike, ECF No. 118, is **DENIED**.

It is further **ORDERED** that Morrow and W3L's motion for sanctions, ECF No. 120, is **DENIED**.

It is further **ORDERED** that Morrow and W3L's motion to compel, ECF No. 111, is **DENIED** as moot.

It is further **ORDERED** that Morrow and W3L's motion to modify the scheduling order, ECF No. 115, is **DENIED** as moot.

It is further **ORDERED** that AVKO and McCabe's motion to withdraw, ECF No. 117, is **GRANTED**.

It is further **ORDERED** that pursuant to their voluntary dismissal, Morrow and W3L's counterclaims for fraud, breach of contract, unjust enrichment, and promissory estoppel are **DISMISSED** with prejudice.

It is further **ORDERED** that Morrow and W3L's claims for defamation and tortious interference are **DISMISSED** without prejudice.

This is a final order and closes the case.

Dated: February 10, 2014           s/Thomas L. Ludington
                                   THOMAS L. LUDINGTON
                                   United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS